**Rajinder SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–73121.
Agency No. A76–456–339.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 5, 2003.*

Decided Jan. 2, 2004.

cation and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Madan Ahluwalia, Esq., Ahluwalia Law Office, San Mateo, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Linda S. Wendtland, Esq., Ann Carroll Varnon, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before TASHIMA, THOMAS, and SILVERMAN, Circuit Judges.

### MEMORANDUM **

Rajinder Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' summary decision affirming the immigration judge's (IJ) denial of Singh's application for asylum, withholding of removal, and relief under the Convention Against Torture. Singh alleged persecution on account of his politi-

cal activities as a member of the All India Sikh Students Federation (AISSF). We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1) and deny the petition for review.

We review the IJ's credibility findings for substantial evidence and defer to credibility findings that are fairly supported by the record and supported by specific and cogent reasons for the rejection of the testimony. *Mendoza Manimbao v. Ashcroft*, 329 F.3d 655, 658 (9th Cir.2003). We must affirm the decision unless the record compels a finding that Singh was credible and eligible for immigration benefits. *INS v. Elias–Zacarias*, 502 U.S. 478, 483, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

The IJ's credibility finding is supported by substantial evidence in the record, including inconsistencies in Singh's testimony that go to the heart of his claims of past persecution. In addition, although Singh testified that he attended at least two AISSF meetings a month for 16 months, he lacked an in-depth knowledge of the goals or plans of the AISSF. The record does not compel a finding that Singh was credible.

PETITION FOR REVIEW DENIED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.